J-S37028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD VANDEMARK | |
| Appellant | No. 2030 MDA 2013 |

Appeal from the Judgment of Sentence entered November 26, 2013
In the Court of Common Pleas of Wyoming County
Criminal Division at No:  CP-66-CR-0000264-2012

BEFORE:  LAZARUS, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:  **FILED SEPTEMBER 29, 2014**

Appellant, Ronald Vandemark, appeals from the trial court's November 26, 2013 judgment of sentence imposing 15 months to 5 years of incarceration for driving under the influence of alcohol, 75 Pa.C.S.A. § 3802(a)(1).  We affirm.

On June 2, 2012, Corey Sidorek ("Sidorek"), a patrolman of the Tunkhannock Township Police Department, observed Appellant's pickup truck driving erratically and crossing the double yellow line into the oncoming traffic lane.  N.T. Trial, 8/19/13, at 32-35.  Appellant's entire vehicle remained in the oncoming lane for approximately 100 feet.  *Id.* at 35-36.  Sidorek activated his emergency lights and sirens, but Appellant did not stop immediately.  *Id.*  During Sidorek's pursuit of Appellant, Appellant's vehicle crossed into the oncoming lane twice and remained there for

distances of 50 to 100 feet. *Id.* at 37. Appellant's vehicle was moving 35 to 45 miles per hour during Sidorek's pursuit. *Id.* at 38.

Appellant eventually turned right onto Marcy Road and pulled over and stopped in a field. *Id.* at 39. Appellant exited his vehicle immediately, stumbled, and fell to the ground. *Id.* at 39-40. Sidorek ordered him back into the vehicle. *Id.* at 40. When Sidorek asked Appellant for his driver's license and vehicle registration, Appellant smelled of alcohol. *Id.* at 42. Appellant told Sidorek to "leave him the fuck alone." *Id.* Appellant's speech was slurred. *Id.* at 46. Two more patrolmen arrived on the scene, and one of them asked Appellant to step out of his vehicle. *Id.* at 43. Appellant exited his vehicle, stumbled, and fell to his knees. *Id.* The officers did not perform a field sobriety test because Appellant was unable to walk. *Id.* at 44. Sidorek observed an opened beer can in the truck's center console. *Id.* at 45. Sidorek arrested Appellant for DUI and drove him to a local hospital, where Appellant refused consent to have blood drawn. *Id.* at 43, 45, 49.

The matter proceeded to an August 19, 2013 jury trial, at which the prosecution tried Appellant for DUI (75 Pa.C.S.A. § 3802(a)), fleeing and eluding police (75 Pa.C.S.A. § 3733), driving on a license previously suspended for a DUI offense (75 Pa.C.S.A. § 1543(b)(1)), and related summary offenses. The trial court imposed sentence for DUI as set forth above, and imposed concurrent sentences, fines, or no further penalty on the remaining charges. This timely appeal followed.

Appellant raises two assertions of error. First, he asserts the trial court erred in denying his motion to continue when his friend did not appear to testify during the first day of trial. Second, he asserts the trial court erred in admitting evidence of his prior DUI conviction. Appellant's Brief at 4. Upon review, we find no merit in either.

First, we consider the trial court's denial of Appellant's motion to continue. We conduct our review as follows:

> A decision to grant or deny a continuance rests within the sound discretion of the trial court. We will not reverse a trial court's decision absent a showing of abuse of that discretion or prejudice to the defendant. [A]n abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record. In reviewing the denial of a continuance, we have regard for the orderly administration of justice as well as the right of a criminal defendant to have adequate time to prepare his defense.

*Commonwealth v. Flor*, 998 A.2d 606, 620 (Pa. 2010) (internal citations and quotation marks omitted), *cert. denied* 131 S. Ct. 2102 (2011).

Where the trial court's refusal to grant a continuance deprives the appellant of the opportunity to call a witness, we consider the following factors:

> [T]he necessity of the witness to strengthen the defendant's case; the essentiality of the witness to the defendant's defense; the diligence exercised to procure his or her presence at trial; the facts to which he or she could testify; and the likelihood that he or she could be produced at court if a continuance were granted.

*Commonwealth v. Small*, 741 A.2d 666 (Pa. 1999), *cert. denied*, 531 U.S. 829 (2000).

Appellant wished to call his friend, James Politis ("Politis"), to testify on Appellant's behalf. N.T. Trial, 8/19/13, at 17. On the first day of trial, Appellant's counsel informed the court that Politis could not attend because of a death in his family. *Id.* Appellant did not subpoena Politis in advance. Appellant believed a subpoena was unnecessary because Politis was his friend. *Id.* Politis would have testified that he was with Appellant "approximately an hour and a half or so before [Appellant] was pulled over by [Sidorek] and [Appellant] was not drinking in [Politis'] presence for approximately an hour to two hour period that he was with him[.]" *Id.* at 17-18.

The trial court declined to continue the case. The court considered the motion untimely because it had already empaneled a jury. Trial Court Opinion, 3/6/14, at 2. Appellant argues a continuance was warranted under **Small** because his testimony was vital to Appellant's defense and because he could easily procure Politis' testimony at a later date. Appellant asserts his failure to issue a subpoena was not the result of a lack of diligence, as he believed it unnecessary to subpoena a friend.

We discern no abuse of discretion in the trial court's ruling. In failing to subpoena Politis, Appellant left himself at the mercy of unforeseen developments, such as a change in Politis' schedule or a reluctance to testify

when the time arrived. Appellant failed to alert the court to Politis' absence, or potential absence, until after the court empaneled a jury. Thus, Appellant has not demonstrated diligence, and we cannot conclude the trial court abused its discretion in determining that a continuance would have hampered the administration of justice.

Further, we do not believe Politis was an essential defense witness, or that his testimony was of great necessity to strengthen Appellant's defense. According to Appellant's counsel, Politis and Appellant parted company approximately 90 minutes prior to Appellant's arrest. Even if the jury credited Politis' testimony, Appellant would have had time to become intoxicated after departing company with Politis. Politis' testimony thus would not refute the police officer's testimony that they observed Appellant to be intoxicated at the time of the arrest and that Appellant refused a blood test. In addition, Appellant testified that another party, Gretchen Kurns, was with Appellant and Politis. N.T. Trial, 8/19/13, at 125-27. Appellant did not subpoena Kurns or call her as a witness, even though she presumably could have testified to the same facts as Politis. *Id.* In any event, we have already explained that those facts would not refute the testimony evincing Appellant's condition at the time of the arrest, or his refusal to submit to a blood test. Appellant's first assertion of error lacks merit.

Next, Appellant argues the trial court erred in admitting evidence of a prior DUI conviction. The evidence came in because Appellant was on trial

for the summary offense of driving on a suspended license (prior DUI). 75 Pa.C.S.A. § 1543(b).[1] The Commonwealth elicited Sidorek's testimony about Appellant's prior DUI because it was an element of the § 1543(b) offense. Appellant argues the trial for the § 1543(b) offense should have been severed because the trial court serves as fact finder for summary offenses. Appellant also argues that the evidence of his prior DUI was impermissible as other acts evidence, per Pa.R.E. 404(b)(1). Appellant finally argues the Commonwealth failed to give notice of its intent, per Rule 404(b)(3), to introduce prior acts evidence.

Appellant objected to the admission of the DUI conviction at trial, N.T., 8/19/13, at 51, but he did not move for severance of the summary charges.

_____

[1] Section 1543(b) provides as follows:

> (1) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $ 500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S.A. § 1543(b).

Since Appellant did not move to sever the summary offense, he cannot raise that argument for the first time on appeal. Pa.R.A.P. 302(a).

We also disagree with Appellant's argument that the trial court improperly admitted other acts evidence. "Evidence of a crime, wrong, or other act is not admissibl e to prove a person's character in order to show character." Pa.R.E. 404(b). In this case, the Commonwealth did not introduce Appellant's prior DUI as evidence of a character trait. Rather, the prior DUI conviction was an element of a charged offense and therefore admissible. Since the Commonwealth offered the prior DUI as direct evidence of the charged offense, and not as other acts evidence pursuant to Rule 404(b), the Commonwealth was not required to give notice. Notice would have been redundant, as Appellant was on notice that he was charged with a violation of § 1543(b), and that Appellant's prior DUI was an element of that offense.

In summary, we have concluded that the trial court did not err in denying Appellant's continuance motion or in admitting evidence of the prior DUI conviction. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/29/2014</u>